﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190626-10385
DATE: January 31, 2020

REMANDED

Entitlement to service connection for obstructive sleep apnea (OSA), post UPPP with tonsillectomy (hereafter “OSA”) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 2006 to November 2006 and January to March 2007. 

In May 2016, the Veteran filed a claim for service connection for OSA. In a December 2016 rating decision, the agency of original jurisdiction (AOJ) denied the claim, and, in January 2017, the Veteran timely filed a Notice of Disagreement (NOD). The AOJ issued a Statement of the Case, and in June 2018, the Veteran filed both a Substantive Appeal (VA Form 9) and a Rapid Appeals Modernization Program (RAMP), which allowed him to have his appeal considered under the Veterans Appeals Improvement and Modernization Act of 2017. In effect, the Veteran’s appeal under the legacy regulations was canceled and a new appeal under RAMP was substituted in its place. An August 2018 rating decision denied the Veteran’s claim. 

In June 2019, the Veteran opted for direct review by the Board. Direct review is the appeal option to the Board in which a Board decision is issued based on evidence of record at the time of the prior decision. The Board cannot hold a hearing or accept into the record additional evidence in its direct review.

The Veteran’s medical treatment records note that the Veteran has a current diagnosis of OSA. In the Veteran’s November 2002 Report of Medical History: Retention Examination, it was noted that the Veteran had throat surgery and was diagnosed with sleep apnea. The Veteran contends that his sleep apnea either had its onset during periods of active duty for training (ADT) or inactive duty training (IDT), or his condition was aggravated during such a period. Additionally, the Veteran stated that his OSA resolved during the 1990s and developed during active duty service. 

The Board notes that VA is obligated to provide an examination when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service; and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C. § 5103A(d)(2012). 

In this instance, the Veteran has been diagnosed with OSA, and his service treatment records document a diagnosis of OSA. However, the Veteran has not been afforded a VA examination to determine the nature and etiology of his OSA. See McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). Therefore, a remand is necessary to afford the Veteran a VA examination to determine the nature and etiology of his OSA.

The matters are REMANDED for the following action:

1. Obtain all outstanding VA and private treatment records and associate them with the Veteran’s file.

2. Obtain a complete copy of the Veteran’s military personnel file and verify his duty status at the time he was diagnosed with sleep apnea in November 1996.

3. Schedule the Veteran a VA examination to determine the nature and etiology of his OSA. The entire claims file must be made available to and be reviewed by the examiner. Any indicated tests and studies must be conducted.

Following review of the claims file and examination of the Veteran, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s OSA:

(a) First manifested during a period of active service, ADT or IDT; or,

(b) If the Veteran’s sleep apnea preexisted a period of ADT or IDT, was it permanently aggravated (permanently worsened beyond the normal progression of that disease) by ADT or IDT.

If the Veteran cannot or does not report for an examination, an opinion should be obtained without examination.

The supporting rationale for all opinions expressed must be provided. If an opinion cannot be offered without speculation, the examiner should fully explain what specific information is necessary before an opinion can be offered or why exactly an opinion cannot be offered.

If the evidence indicates onset or worsening of sleep apnea during a period the Veteran reports as ADT or IDT, efforts should be made to verify the Veteran’s duty status at the time, to include by obtaining LESs if necessary.

4. Then, readjudicate the issue on appeal. 

If the benefit sought on appeal remains denied, furnish the Veteran and his representative a Supplemental Statement of the Case and afford them the opportunity to respond before the file is returned to the Board for further consideration.

 

 

James A. DeFrank

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Moore

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.